United States District Court
Southern District of Texas
**ENTERED**
January 16, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JERRY PEREZ, JR, §<br>Petitioner, §<br>§<br>vs. §<br>§<br>LORIE DAVIS, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>Respondent. §<br>§ | Case No. 1:13-cv-00067 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Jerry Perez, Jr.'s Amended 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Perez's "Amended Petition"), and supporting submissions. *See* Dkt. Nos. 53, 58, 67, 69, 79. For the reasons provided below, it is recommended that the Court dismiss Perez's Amended Petition on the grounds that it is time-barred. Additionally, should the Court adopt this recommendation, it is further recommended that the Court order more briefing regarding whether a certificate of appealability should issue.

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provide that jurisdiction is proper where the inmate is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Statement of the Case

The undersigned previously summarized the extensive background and procedural history of this case in a Report and Recommendation ("R&R"), which was adopted on July 21, 2017. *See Perez v. Davis*, Case No. 1:13-cv-00067, 2017 WL 3142411, at *1–4 (S.D.Tex., June 28, 2017), *report and recommendation adopted*, 2017 WL 3120666 (S.D.Tex., July 21, 2017). The undersigned incorporates this background and procedural history summary into this Report by reference. *See id*. In the adopted R&R, the Court found that, on the record before it, material questions of fact precluded summary judgment on the issue of whether Perez's Amended Petition was time barred. *Id*. at 17. More specifically, the Court found that material questions of fact existed with respect to whether Perez was entitled to an equitable tolling of his 28 U.S.C. § 2244(d) limitations period. *Id*.

After the adoption of the R&R, the Court ordered the parties to submit supplemental briefing regarding Perez's entitlement to equitable tolling. Dkt. No. 74. Because the Court had already found that Perez's counsel, Philip T. Cowen, had misrepresented Perez's § 2244(d) limitations period, failed to file Perez's state application for habeas relief in time to toll Perez's § 2244(d) limitations period, and failed to timely file Perez's 28 U.S.C. § 2254 Petition, the Court instructed the parties to present any admissible evidence bearing upon certain material questions of fact identified in the adopted R&R. *Id*. at 1-2. Specifically, the Court instructed the parties to present any admissible evidence bearing upon:

1. Whether Perez would have filed his own state habeas application in time to toll his federal limitations period, but for Cowen's

        incorrect suggestion that a one-year limitations period applied to the filing of state habeas petitions;

2.     Whether Perez had access to materials or advice which would have allowed him to discover his federal limitations deadline on time;

3.     Whether Cowen's ineffectiveness prevented Perez from timely filing his federal petition.

*Id*. The Court also directed the parties to: (1) take a position on whether they believed an additional evidentiary hearing was required, and (2) address the standard of proof applicable to Perez's burden of showing an entitlement to equitable tolling, as they had not previously addressed the issue. *Id*. at 1-2.

Davis filed her supplemental briefing with supporting evidentiary exhibits on October 9, 2017. Dkt. Nos. 78, 78-1, 78-2, and 78-3. Through appointed counsel, Seth H. Kretzer, Perez filed his supplemental briefing on October 9, 2017, but did not submit any new evidence in support of his arguments. Dkt. No. 79. Neither party has requested an evidentiary hearing, or provided authority indicating that an additional evidentiary hearing is necessary. The question before the Court now is whether Perez is entitled to an equitable tolling of his AEDPA limitations period. If Perez is not entitled to an equitable tolling of his AEDPA limitations period, his Amended Petition is subject to dismissal on the grounds that it is time-barred.

### III. Discussion

At the threshold, the Court reiterates that Perez has the burden to demonstrate an entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (burden to demonstrate entitlement to equitable tolling lies with petitioner);

*Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)) (same). Only in "rare and exceptional circumstances" will a § 2254 petitioner be entitled to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner will not be entitled to equitable tolling unless he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same).

Although the Court of Appeals for the Fifth Circuit has not addressed the applicable standard of proof applicable to a habeas petitioner's burden to show an entitlement to equitable tolling, it has explained, in another context, "that the party invoking tolling must establish that it is warranted by a preponderance of the evidence." *Boothe v. Quarterman*, Civil Action No. C-06-221, 2008 WL 1771919, at *19-20 (S.D. Tex. Apr. 15, 2008) (citing *United States v. Marshall*, 856 F.2d 896, 899 (5th Cir. 1988)). Other courts to consider the issue in the habeas context have generally applied the preponderance of the evidence standard. *See, e.g., Hutchinson v. Director*, TDCJ–CID, No. 2:05cv178, 2006 WL 1408347, at *1, 5 (E.D.Tex. May 18, 2006) (unpublished); *Vineyard v. Dretke*, No. 5:01 CV 173C, 2005 WL 2219272, at *6 (N.D.Tex. Aug. 5, 2005) (unpublished); *see also Holt v. Frink*, No. 15-cv-01302-EMC, 2016 U.S. Dist. LEXIS 3781, at *12-13 (N.D. Cal. Jan. 12, 2016) (collecting cases applying the preponderance of evidence standard). It is, therefore, recommended that the Court apply the preponderance of evidence standard when determining if Perez has

demonstrated facts sufficient to justify an equitable tolling of his AEDPA limitations period. More specifically, the Court should find that Perez is entitled to equitable tolling if he demonstrates, by a preponderance of the evidence, that: (1) he pursued his rights with diligence, and that (2) some extraordinary circumstance stood in his way and prevented the timely filing of his §2254 Petition. *See Holland v. Florida,* 560 U.S. 631, 649.[1]

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 650 U.S. 631, 653 (internal quotation marks and citations omitted). In addition to showing reasonable diligence, Perez must show that that Cowen's ineffectiveness constitutes an extraordinary circumstance that "stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (citations omitted). In other words, Perez must show that Cowen's ineffectiveness caused the untimely filing. *Id; see also Holland*, 560 U.S. 631, 649 (requiring a causal connection between the extraordinary circumstances and the untimely filing); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."); *Ata v. Scutt*, 662 F.3d

---

[1] Because equity resists rigid rules, a standard of proof more strenuous than the preponderance of the evidence standard might also run afoul of the Court's ability to exercise its discretion and powers in equity.

736, 742 (6th Cir. 2011) (requiring a causal connection between the extraordinary circumstances and the untimely filing); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

As noted above, the Court previously instructed the parties to present any admissible evidence bearing upon the following three questions:

1. Whether Perez would have filed his own state habeas application in time to toll his federal limitations period, but for Cowen's incorrect suggestion that a one-year limitations period applied to the filing of state habeas petitions;

2. Whether Perez had access to materials or advice which would have allowed him to discover his federal limitations deadline on time;

3. Whether Cowen's ineffectiveness prevented Perez from timely filing his federal petition.

Dkt. No. 74. at 1-2. As the time to comply has passed, the Court will now address each of these three questions, although not in the order listed above.

**A. Whether Perez had access to materials or advice which would have allowed him to discover his federal limitations deadline on time**. As noted in the adopted R&R, Perez entered administrative segregation before his federal limitations period began to run and remained in administrative segregation until May 29, 2013, well after the expiration of his December 19, 2010 federal limitations deadline. Dkt. No. 71 at 27 (citing Dkt. No. 69-1 at 1). Perez argued that being in administrative segregation hampered his ability to conduct legal research. *Id.* at 26-27 (citing Dkt. No. 66 at 72-73). In brief, he testified that: (1) because he was in

administrative segregation, he was dependent upon other inmates to bring him legal materials, either in the law library or his cell; (2) the inmates would sometimes bring the wrong material; (3) he had to know the exact name of the legal material in order to request it; and (4) he went to the law library every chance he could. Dkt. No. 66 at 72-73.

Davis has not rebutted Perez's claims that he went to the law library every chance he could. Davis contends that she has not rebutted this claim because she cannot. Dkt. No. 78 at 6, note 4. She notes that, pursuant to the "Records Retention Schedule" of the Texas Department of Criminal Justice ("TDCJ"), the "Law Library Request Log is only required to be maintained for three (3) years." Dkt. No 78-2 at 2. Therefore, the TDCJ "no longer has any documentation of any legal research materials that would have been delivered to offender Perez, Jerry #1460059 from December 1, 2009 through December 31, 2010." *Id.*[2] Davis has also failed to directly rebut Perez's claims that: (1) he was dependent upon other inmates to bring him legal materials, either in the law library or his cell; (2) the inmates would sometimes bring the wrong material; (3) he had to know the exact name of the legal material in order to request the material.

Nevertheless, this failure is not dispositive. Davis has since submitted additional evidence which supports her argument that Perez had access to law library materials that would have allowed him to timely determine his federal limitations period. Dkt. No. 78 at 5-7. This evidence includes TDCJ records which have been

---

[2] Again, Perez's federal limitations period began to run on December 19, 2009, and expired on December 19, 2010. Dkt. No. 71 at 21 (citing Dkt. No. 11 at 8).

authenticated by the signed, sworn Affidavit of Vickie Barrow, "Program Manager for Access to Courts Texas Department of Criminal Justice." Dkt. No. 78-1 at 2. The TDCJ records contain its "Offender Access to the Courts, Counsel, and Public Officials Rules" (hereinafter, the TDCJ's "Offender Access Rules"). *Id*. at 34. These Offender Access Rules have an effective date of December 11, 2009, and were in place when Perez's federal limitations period was running. *Id.*; *see also* Dkt. No. 68-1 at 2, 18, 32. The Offender Access Rules state that they shall be published in "the *Offender Orientation Handbook*." Dkt. No. 78-1 at 35 (Italics in original).

Critically, the Offender Access Rules also contain a list of "Law Library Collections, Conditions, and Supplies." Dkt. No. 78-1 at 35. A review of this list reveals that the law library collection includes: (1) the "*Offender Orientation Handbook, English and Spanish*;" (2) "Title 28 §§ 2201-2254;" (3) "Title 28 Rules of Civil Procedure;" (4) *Black's Law Dictionary*; and (5) a publication entitled: "Federal and State Postconviction Remedies and Relief – Habeas Corpus." *Id*. at 35-37 (Italics in original). In relevant part, the Offender Access Rules also provide as follows:

> C. Administrative Segregation, Lockdown, G5/J5/P5, Medical Isolation, Temporary Detention, Trusty Camp, Work Camp, and Death Row Offender Access to the Law Library (Indirect Access)
>
> 1. Legal Research Material: Offenders in any of the above categories shall not be afforded direct access to the law library. They shall be allowed to request and receive up to three items of legal research materials per day, delivered on three alternating days per week (e.g., M-W-F) from the unit's law library collection for in-cell use.
>
> 2. Legal Visits: Offenders may request a legal visit for the purpose of conferring with another offender on legal matters

> by sending an I-60, Offender Request to an Official to the unit access to courts supervisor.

*Id*. at 7.

This evidence indicates that Perez had access to: (1) the content-list of the library collection available to him; (2) the AEDPA limitations period, codified at 28 U.S.C. § 2244(d); (3) 28 U.S.C. § 2254; and (4) other legal materials sufficient to allow him to timely determine his federal limitations period. Perez has submitted no testimony or other evidence showing that he lacked access to these materials. Moreover, even assuming that the inmates who assisted with the distribution of legal materials at Perez's unit sometimes brought him the wrong materials, Perez has not demonstrated that their failure was frequent enough to deprive him of access to the materials which would have allowed him to timely determine his federal limitations period. Accordingly, the Court finds, by a preponderance of the evidence, that Perez had access to legal materials which would have allowed him to timely determine his federal limitations period.

**B. Whether Perez would have filed his own state habeas application in time to toll his federal limitations period, but for Cowen's incorrect advice**. As noted in the adopted R&R, Cowen gave Perez incorrect information regarding the deadlines applicable to his attempts to obtain habeas relief in state and federal court. First, Cowen advised that Perez had "one year from the date of [the Court of Appeals'] mandate[,]" to file his state application for habeas corpus. Dkt. No. 71 at 19 (citing Dkt. No. 25-1 at 1). This advice was incorrect because "Texas has no limitations period for a § 11.07 state habeas application[.]" *Id*. (quoting *Jones v. Stephens*, No. 3:14-CV-

3134-D BH, 2015 WL 5052296, at *4 (N.D. Tex. July 15, 2015), *report and recommendation adopted*, No. 3:14-CV-3134-D, 2015 WL 5076802 (N.D. Tex. Aug. 27, 2015), and citing *Jones v. Thaler*, No. 3:12-CV-1031-B-BD, 2012 WL 4900924, at *2 (N.D. Tex. Oct. 1, 2012), *report and recommendation adopted*, No. 3:12-CV-1031-B, 2012 WL 4903173 (N.D. Tex. Oct. 16, 2012) (same)). Second, eight days before Perez's federal habeas limitations period began to run, Cowen incorrectly advised Perez that his federal limitations period would not begin to run until after he had exhausted his state remedies and failed in his attempt to seek state habeas relief. *Id.* at 17-18 (citing Dkt. No. 65 at 27).

Because Perez has submitted no new evidence, despite having the opportunity to do so (*see* Dkt. No. 74 at 1-2), the evidence before the Court which supports equitable tolling remains the same as it was at the time the Court adopted the undersigned's R&R. That uncontested evidence establishes, by a preponderance of the evidence, that Perez had drafted a pro se state application for writ of habeas corpus (hereinafter, "state habeas application"), and sent it to his mother, at least five months before his federal limitations period expired. Dkt. No. 71 at 19-20 (citing Dkt. No. 25-1 and Dkt. No. 66 at 38-39). It is, therefore, clear that Perez could have filed his state habeas application prior to the expiration of his federal limitation period, thus tolling the limitations period.

Nevertheless, Perez has produced no affidavits, testimony, or other evidence showing that, but for Cowen's incorrect advice, he would have filed his state habeas application prior to December 19, 2010. Further, Perez has presented no evidence that

he instructed his mother to file his state habeas application before December 19, 2010. In fact, he has presented no evidence that he instructed anyone to file the application, at any time. Because Perez has failed to submit evidence demonstrating, by a preponderance of the evidence, that he would have filed his state habeas application prior to December 19, 2010, but for Cowen's incorrect advice, the Court can only infer that he might have filed his application before that date.

Still, if the Court draws that inference, it would have to draw another inference in order to justify a finding that equitable tolling is warranted. Namely, the Court would have to infer that, once his state habeas petition was denied and the tolling of his federal limitations period ceased, Perez would have filed a § 2254 petition before his federal limitations period expired. On the record before it, the Court cannot make both inferences. The Court cannot make both inferences because: (1) it is clear that Perez was unaware of his federal limitations period prior to its expiration; and (2) Perez has not demonstrated that he would have discovered his federal limitations period, but for Cowen's incorrect advice. The record before the Court establishes that:

1. Perez's federal limitations period began to run on December 19, 2009, and expired on December 19, 2010. Dkt. No. 71 at 21 (citing Dkt. No. 11 at 8).

2. Cowen informed Perez of the possibility of federal habeas relief under 28 U.S.C. § 2254 in his December 11, 2009 letter, eight days before Perez's federal limitations period began to run. Dkt. No. 71 (citing Dkt. No. 65 at 27).

3. At the time he received Cowen's letter, Perez had access to legal materials which would have allowed him to timely determine his federal limitations period.

4. Perez has not submitted any evidence which details what specific steps he took to determine his federal habeas rights and deadlines. Perez has not submitted any evidence indicating that he requested more information from Cowen about his federal habeas rights and deadlines.

5. Perez testified that he was still unaware of the possibility of seeking federal relief under 28 U.S.C. § 2254 more than two years after receiving Cowen's December 11, 2009 letter. Specifically, he was not aware of the possibility of seeking relief under 28 U.S.C. § 2254 when he first spoke to Cowen in person on February 7, 2012. *See* Dkt. 66 at 75 (containing Perez's testimony), and Dkt. No. 71 at 25 (citing Dkt. No. 3-9 and Dkt. No. 66 at 70, 74, 76, as documentation for the date of Cowen and Perez's first in-person meeting).

Perez has not shown, by a preponderance of the evidence, that he would have filed his own state habeas application in time to toll his federal limitations period, but for Cowen's incorrect advice. He has failed to make this showing because he has failed to present testimony or other evidence showing that he would have done so; and, the Court may not infer that he would have done so, without credible supporting testimony or evidence.

**C. Whether Cowen's ineffectiveness prevented Perez from timely filing his federal petition.** In order to show that Cowen's ineffectiveness caused him to miss his federal limitations deadline, Perez must first show that his diligence was such that he would have met his deadline, but for Cowen's ineffectiveness. *See Holland*, 560 U.S. 631, 649 (requiring a causal connection between the alleged extraordinary circumstances and the untimely filing); *Palacios v. Stephens*, 723 F.3d 600, 604 (same). This is a very difficult test to meet, even after applying the preponderance of the evidence standard of proof. As a doctrine of equity, equitable tolling is "the exception,

not the rule." *Rotella v. Wood*, 528 U.S. 549, 561 (2000).  Equitable tolling is limited to situations involving individuals who have actively pursued their judicial remedies. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Here, Perez has testified that he conferred with other inmates and went to the law library every chance he could.  Dkt. No. 66 at 73.  Still, he has not specified how often that was, the duration of his visits, what topics he researched, who he spoke to, or what information he unsuccessfully requested.  Further, Perez has not shown that he: (1) attempted to contact Cowen frequently, either through the mail, or through his mother; (2) sought to represent himself in response to Cowen's infrequent attempts to contact him; (3) questioned Cowen about his federal deadline before it expired; (4) attempted to file his own state application in time to toll his federal limitations period; (5) attempted to file his own federal petition on time; (6) attempted to file a "protective" federal petition to prevent the expiration of his limitations period;[3] or (7) otherwise actively pursued his federal judicial remedies.  In sum, Perez has failed to submit testimony or evidence indicating that he was diligent in attempting to determine his federal habeas rights and deadlines.

Thus, the Court cannot find, by a preponderance of the evidence, that Perez exercised reasonable diligence in pursuing his § 2254 rights, as that term is defined by the Fifth Circuit.  *See, e.g., Palacios v. Stephens*, 723 F.3d 600, 605–09 (finding no reasonable diligence where petitioner was not diligent during significant portions of his limitations period).  Still, the Court does not make this finding with ease, and

---

[3] *See Holland*, 560 U.S. 631, 672 ("Holland might have filed a "protective" federal habeas application and asked the District Court to stay the federal action until his state proceedings had concluded.") (internal citations and quotations omitted).

recognizes that reasonable jurists could disagree. This is because Perez has advanced a good reason for his failure to exercise more diligence in attempting to timely determine his federal habeas rights and deadlines. That reason being the fact that, eight days before Perez's federal limitations period began to run, Cowen incorrectly advised Perez that his federal limitations period would not begin to run until after he had exhausted his state remedies and failed in his attempt to seek state habeas relief. *See* Dkt. No. 71 at 17-18 (citing Dkt. No. 65 at 27).

Nevertheless, although Cowen's misrepresentation of Perez's state and federal habeas deadlines amounts to negligence, or even gross negligence, Perez has not argued or shown that Cowen intentionally deceived Perez prior to the expiration of his federal limitations period. As such, Perez has not shown, by a preponderance of the evidence, that Cowen's misrepresentation constitutes egregious conduct constituting a rare and extraordinary circumstance that prevented Perez from meeting his federal deadline. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentation.") (citing *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)); *Hailey v. Stephens*, 532 Fed. Appx. 571, 573 (5th Cir. 2013) (unpublished) (attorney negligence does not amount to egregious conduct constituting rare and extraordinary circumstances warranting equitable

tolling, petitioner must show intentional deceit); *Triplett v. King*, 250 Fed.Appx. 107, 109 (5th Cir. 2007) (unpublished) (equitable tolling unwarranted where attorney did not intentionally misrepresent limitations period prior to its expiration, even though attorney had accepted a retainer fee, because attorney error or neglect does not justify equitable tolling); *Berthelot v. Cain*, No. 3:13-CV-00459-BAJ, 2013 WL 5741526, at *1 (M.D. La. Oct. 21, 2013) (collecting cases and finding no extraordinary circumstances to justify equitable tolling, despite fact that petitioner's counsel misrepresented the federal limitations deadline).

Additionally, while the Court cannot condone Cowen's other negligent behavior (*see* Dkt. No. 71 at 15-25, 29-31), Perez has not shown that this behavior amounted to abandonment. *See Palacios v. Stephens*, 723 F.3d 600, 604 (noting that abandonment by counsel "can qualify as an extraordinary circumstance for equitable tolling purposes") (citations omitted). This is because Perez has failed to present evidence showing that Cowen's mental impairments rose to the level of abandonment from the time Perez hired Cowen for post-appeal purposes on July 15, 2010, until the December 19, 2010 expiration of Perez's federal limitations period. *See* Dkt. No. 71 at 15 (noting the date Perez hired Cowen and citing Dkt. No. 58 at 3-4 and Dkt. No. 65 at 21-22). Finally, although Perez suggests that he lacked access to his file (Dkt. No. 69 at 4-5), he has not supported that assertion with any testimony or evidence, nor has he shown that he attempted to obtain a copy of his file from Cowen prior to December 19, 2010, but was unsuccessful.

Thus, the Court cannot find, by a preponderance of the evidence, that Cowen's ineffectiveness prevented Perez from timely filing his federal petition. Because Perez has failed to show an entitlement to an equitable tolling of his federal limitations period, the Court should find that his Amended Petition is time-barred and subject to dismissal.

## IV.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Perez argues that a certificate of appealability should issue in this case, should the Court find that he is not entitled to equitable tolling. *See* Dkt. No. 79 at 1-4. Davis has not responded to Perez's arguments. A review of the record evidence and the findings already made in the adopted R&R reveals that: (1) Cowen misrepresented the AEDPA deadline before it began to run; (2) with further factual development, Perez might show that Cowen's mental impairments were severe enough to have constituted abandonment;[4] (3) Cowen did not inform Perez about the conflict of interest that could arise if he represented Perez in his appellate proceedings and his post-appellate proceedings;[5] (4) the existence of a conflict of interest is suggested by the fact that Perez's newly appointed counsel has raised three claims asserting that Cowen provided ineffective assistance on appeal;[6] and (5) Perez was in administrative segregation from "5/13/08 to 5/29/13."[7] Moreover, the Fifth Circuit has yet to specify the standard of proof applicable to habeas petitioners seeking equitable tolling. *Boothe v. Quarterman*, 2008 WL 1771919, at *19. Thus, should the undersigned's recommendations be adopted, it is recommended that the Court order more briefing on the issue of whether

---

[4] Perez has not made this showing yet because he has not supported his arguments with sufficient evidence.

[5] In fact, Cowen may have misrepresented the potential conflict. In his letter dated December 11, 2009, Cowen initially indicated that he would not represent Perez in collateral proceedings, despite having had some success in such proceedings, because "I think its unethical to attempt to take advantage of my knowing you through my [appellate] appointment. It's my thing." Dkt. No. 65 at 27 (error in original).

[6] *See* Dkt. No. 71 at 27 (citing Dkt. No. 53 at 27-37).

[7] *See Palacios*, 723 F.3d 600, 608 ("We grant that it may take time for a state prisoner without full access to phones and internet to find, meet with, and retain an attorney. We allow also that it may be proper for us to exempt from consideration time spent by prisoners in administrative segregation and medical and psychiatric wards.") (citations omitted).

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484.

## V. Recommendation

It is recommended that the Court dismiss Perez's Amended Petition on the grounds that it is time-barred. Additionally, should the Court adopt this recommendation, it is further recommended that the Court order more briefing regarding whether a certificate of appealability should issue.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 16th day of January, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**